**Electronically Filed
Supreme Court
SCAD-17-0000428
09-JUN-2017
12:52 PM**

SCAD-17-0000428

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

JAMAE K.K. KAWAUCHI,
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case No. 15-040-9259)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawai'i, the stipulated facts, and the evidence in the record, we note Respondent Jamae K.K. Kawauchi has stipulated that she withdrew from her client trust account client funds for her own use and benefit that she had not earned, failed to inform the client of the withdrawals, allowed the balance of the client trust account to fall below the level of funds to which clients had a claim, failed, over a five-month period, to promptly refund monies that were the property of the client, failed to use pre-

printed deposit slips labeled with her client trust account information, and misrepresented on her annual IOLTA registration form filed with the Hawaiʻi State Bar Association that she maintained client funds in accordance with Rule 1.15 of the Hawaiʻi Rules of Professional Conduct (HRPC), when she did not. Respondent Kawauchi's conduct constitutes violations of HRPC Rules 1.5(b), 1.15(a), 1.15(c), 1.15(d), 1.16(d) and 8.4(c) (2014). Respondent Kawauchi further stipulates that, in aggravation, she has substantial experience in the practice of law and committed further misconduct during the disciplinary process, and her conduct had a dishonest or selfish motive and represents multiple violations of the HRPC, while ODC stipulated that Respondent Kawauchi, prior to the present matter, had a clean disciplinary record, made full and free disclosures, and displayed a cooperative attitude toward the proceedings. We further note Respondent Kawauchi, after five months, fully refunded the requested amount. Upon a review of the record, precedent, and the ABA Standards for Imposing Lawyer Sanctions, it appears a period of suspension is warranted. See ODC v. Avinante, SCAD-14-775, June 12, 2014; ODC v. Eliason, SCAD-12-822 (January 23, 2013); ODC v. DuBos, No. 18113 (July 26, 1994); ABA Standard 7.2.

IT IS HEREBY ORDERED that Respondent Jamae K.K. Kawauchi is suspended from the practice of law for 150 days, effective 30 days from the entry date of this order.

2

IT IS FURTHER ORDERED that Respondent Kawauchi shall, within 365 days after the entry date of this order, submit to this court proof of her completion of the Multi-State Professional Responsibility Exam (MPRE) with a score sufficient to satisfy the requirements of Rule 1.3(g)(6) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH). Failure to timely submit such proof may, upon a review of the record, result in a further period of suspension.

IT IS FURTHER ORDERED that, pursuant to RSCH Rule 2.16(d), within 10 days of the effective date of her suspension, Respondent Kawauchi shall submit to this court proof of compliance with the conditions of her suspension.

IT IS FURTHER ORDERED that Respondent Kawauchi shall bear the costs of these disciplinary proceedings, upon the timely submission to this court of a verified bill of costs by ODC, pursuant to RSCH Rule 2.3(c).

IT IS FINALLY ORDERED that Respondent Kawauchi, pursuant to RSCH Rule 2.17(a), may not resume the practice of law until reinstated by entry of an order by this court.

DATED: Honolulu, Hawaiʻi, June 9, 2017.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

